FILED & JUDGMENT ENTERED
David E. Weich

Mar  18  2005

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 04-10051 |
| JOHN B. WATERHOUSE and, ) | |
| BARBARA R. WATERHOUSE, ) | |
| ) | |
| Debtor, ) | |
| _____) | |
| ) | |
| JOHN B. WATERHOUSE, ) | |
| ) | Adv. Proc. 04-1020 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| EDUCATIONAL CREDIT MANAGEMENT ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

ORDER AND JUDGMENT

THIS CAUSE coming on to be heard before the undersigned United States Bankruptcy Judge for the Western District of North Carolina on February 23, 2005 and upon hearing testimony from Plaintiff, reviewing the exhibits proffered into evidence, and hearing the arguments and representations of counsel, the Court finds as follows:

1. Under § 523(a)(8) of the Bankruptcy Code, a discharge under § 727 does not discharge a debt for an educational loan insured by a governmental unit or made under any program funded in whole or in part by a governmental unit "unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents."

2. ECMC is a private, non-profit corporation created to provide financial assistance to and for the benefit of students enrolled for higher education and is a Guaranty Agency under 34 C.F.R. §682.200.  The student loan at issue is the type of loan contemplated by 11 U.S.C. §523(a)(8) of the Bankruptcy Code.

3. The current balance of the student loan, as of February 2, 2005, is $74,736.43.

4. The Bankruptcy Code does not define "undue hardship."  The majority of courts have adopted the 3 prong-test originally outlined in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2nd Cir. 1987) to determine "undue hardship."

5. The Court applies the *Brunner* test to this case.

6. Under the *Brunner* test, a debtor cannot qualify for discharge of student loan debts unless he can establish:

   (1) that the debtor cannot maintain based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans;

   (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and

   (3) that the debtor has made good faith efforts to repay the loans.

7. A debtor bears the burden of proving each of the three elements of the *Brunner* test by a preponderance of the evidence.  "[C]ourts must consider each element in turn and, where

one of the three elements is not met, the court must stop there with a finding of no dischargeability." *Educ. Credit Mgmt. Corp. v. Gouge*, Civil No. 1:04CV115 (W.D.N.C. February 22, 2005) (citing *Educ. Credit Mgmt. Corp. v. Pope*, 308 B.R. 55, 59 (N.D. Cal. 2004)).

    8. The Plaintiff has not met the first element of *Brunner* in that having two vehicles with outstanding loan balances is not a necessary expenditure. Currently, the debtors own a 2001 Chevrolet S10 pickup and a 2002 Buick LeSabre, requiring car payments of just over $900 per month. Although convenient, and certainly desirable, having two vehicles is not necessary for the debtors to maintain a minimal standard of living. Giving the Plaintiff the benefit of the doubt, the court would allow the debtors to keep the 2002 Buick LeSabre, freeing up the $400 car payment for the Chevrolet S10 pickup to go towards payment of the student loans.

    9. The Court cannot find that the Plaintiff has shown circumstances indicating that his state of affairs is likely to persist for a significant portion of the repayment period. Therefore, the Plaintiff has not met the second element of *Brunner*. First, the Plaintiff testified that one of the two car loans will be paid off in 2006, and the other loan will be paid off in 2007. Therefore, these car payments will not persist for a significant portion of the repayment period, increasing the Plaintiff's available disposable income to contribute towards repayment of his student loans.

    10. In addition, the undersigned has recently entered orders discharging student loans in two other cases – the movants in both cases had psychological and/or physical issues that prevented them from working at all. Unlike those cases, the Plaintiff has presented no evidence revealing an "additional circumstance" beyond a career choice that affects his ability to repay the student loan debt. Plaintiff, originally trained as a minister, elected to go back to school to study industrial psychology. He obtained both an undergraduate and a doctorate degree in this area, at which time he incurred the student loan indebtedness at issue. Only then did the Plaintiff elect to

3

become a minister and take his current, low paying, job.  While this career choice is laudable, it does not fulfill the Plaintiff's duty to maximize his income.  *See Oyler v. Educ. Credit Mgmt. Corp.*, 397 F.3d 382 (6th Cir. 2005).

11.  In *Oyler*, a case factually very similar to this one, the debtor earned a bachelor's and a master's degree but chose to work as a pastor of a small start-up church making less than $10,000 per year.  The Sixth Circuit reversed the decision of the Bankruptcy Appellate Panel affirming the Bankruptcy Court's order discharging the student loan debt because the Bankruptcy Court erred by not "considering that Oyler's decision not to maximize his earnings, though commendable, was voluntarily made after he also voluntarily incurred the debt that he now wishes to discharge." *See id*. at 386.  The Sixth Circuit found that "Oyler's choice to work as a pastor of a small start-up church cannot excuse his failure to supplement his income so that he can meet knowingly and voluntarily incurred financial obligations.  By education and experience he qualifies for higher-paying work and is obliged to seek work that would allow debt repayment before he can claim undue hardship." *Id.*

12.  Similarly, this Court cannot find that the Plaintiff has met his obligation to attempt to maximize his income and, therefore, that the current state of affairs is likely to persist for a significant portion of the repayment period to ECMC.

13. As to the third *Brunner* element, the Court finds that the Plaintiff has made a good faith effort to repay the student loan.

14. Therefore, the Court finds that the Plaintiff shall be granted a partial discharge of his student loan indebtedness.  The principal amount owing shall be $51,350.00.  Any amount over and beyond $51,350.00 is discharged from the Plaintiff's bankruptcy.

It is therefore **ORDERED** that:

1. The Plaintiff is granted a partial discharge of the student loan debt.

2. The principal amount owing shall be $51,350.00, and the remaining balance shall be discharged from the Plaintiff's bankruptcy.

**This Order has been signed electronically.  The judge's**  **United States Bankruptcy Court**
**Signature and Court's seal appear at the top of the Order.**